UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION



UNITED STATES OF AMERICA

v.

HARLON DAVID PRATER

CASE NO. 3:18-cr-165-J-34MCR
Cts. 1-3:   18 U.S.C. § 2251(a)
Cts. 4-5:   18 U.S.C. § 2252(a)(2)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about January 25, 2018, in the Middle District of Florida, the defendant,

HARLON DAVID PRATER,

did employ, use, persuade, induce, entice and coerce a minor, Child Victim 1, to engage in any sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means.

In violation of 18 U.S.C. §§ 2251(a) and (e).

## COUNT TWO

On or about January 25, 2018, in the Middle District of Florida, the defendant,

HARLON DAVID PRATER,

did employ, use, persuade, induce, entice and coerce a minor, Child Victim 2, to engage in any sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means.

In violation of 18 U.S.C. §§ 2251(a) and (e).

## COUNT THREE

On or about February 25, 2018 [handwritten: 25 HK], in the Middle District of Florida, the defendant,

HARLON DAVID PRATER,

did employ, use, persuade, induce, entice and coerce a minor, Child Victim 1, to engage in any sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using

2

materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means.

In violation of 18 U.S.C. §§ 2251(a) and (e).

## COUNT FOUR

On or about February 27, 2018, in the Middle District of Florida, the defendant,

HARLON DAVID PRATER,

did knowingly transport and ship using any means and facility of interstate and foreign commerce, any visual depiction, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct, the visual depiction being specifically identified in the computer file titled "171292197770.jpg."

In violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1).

## COUNT FIVE

On or about February 28, 2018, in the Middle District of Florida, the defendant,

HARLON DAVID PRATER,

did knowingly transport and ship using any means and facility of interstate and

foreign commerce, any visual depiction, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct, the visual depiction being specifically identified in the computer file titled "171292180695.jpg."

In violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1).

### FORFEITURE

1.  The allegations contained in Counts One through Five of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2253.

2.  Pursuant to 18 U.S.C. § 2253, upon conviction of an offense in violation of 18 U.S.C. §§ 2251 and 2252(a)(1), the defendant, HARLON DAVID PRATER, shall forfeit to the United States, pursuant to 18 U.S.C. § 2253, all of his interest in:

    a.  Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of this chapter:

b.  Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c.  Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. If any of the property described above, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,

*[signature]*
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: *[signature]*
Kelly S. Karase
Assistant United States Attorney

By: *[signature]*
Frank M. Talbot
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
9/19/18 Revised                              No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Jacksonville Division

### THE UNITED STATES OF AMERICA

vs.

### HARLON DAVID PRATER

## INDICTMENT

Violations:   Cts. 1-3:   18 U.S.C. § 2251(a)
              Cts. 4-5:   18 U.S.C. § 2252(a)(1)

A true bill,

_____
Foreperson

Filed in open court this __19th__ day

of September, 2018.

_____
Clerk

Bail   $_____

GPO 863 525