UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
1·17·2020
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:18-cr-165-J-34MCR

HARLON DAVID PRATER

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Maria Chapa Lopez, United States Attorney for the Middle District of Florida, and the defendant, HARLON DAVID PRATER, and the attorney for the defendant, Maurice C. Grant II, Esq., mutually agree as follows:

**A.**   **Particularized Terms**

1.   Counts Pleading To

The defendant shall enter a plea of guilty to Counts One, Two and Four of the Indictment.  Counts One and Two charge the defendant with production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e). Count Four charges the defendant with transportation of child pornography, in violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1).

2.   Minimum and Maximum Penalties

Counts One and Two of the Indictment are each punishable by a mandatory minimum term of imprisonment of not less than 15 years and not more

Defendant's Initials HP                    AF Approval BA

than 30 years, a fine of $250,000, or both, a term of supervised release of any term of years not less than 5, or life, and a special assessment of $100, said special assessment to be due on the date of sentencing.  In addition, pursuant to Title 18, United States Code, Section 3014(a)(3), the Court shall assess an amount of $5,000 on any non-indigent defendant.

Count Four of the Indictment is punishable by a mandatory minimum term of imprisonment of not less than 5 year and not more than 20 years, a fine of $250,000, or both a term of supervised release of any term of years not less than 5, or life, and a special assessment of $100, said special assessment to be due on the date of sentencing.  In addition, pursuant to Title 18, United States Code, Section 3014(a)(3), the Court shall assess an amount of $5,000 on any non-indigent defendant.

If the Court sentenced the defendant on each count consecutively, the aggregate minimum and maximum penalties would be a minimum mandatory term of imprisonment of not less than 30 years and not more than 80 years, fines totaling $750,000, or both, a term of supervised release of any term of years not less than 5 years, or life, and special assessments totaling $300 and $15,000.

Pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United

Defendant's Initials __HP__                    2

States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life per count.  Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 3 years per count.  With respect to these offenses and pursuant to Title 18, United States Code, Sections 2259, 3663A and 3664, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community.

     3.    <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Counts One and Two are:

| | |
|---|---|
| <u>First</u>: | That an actual minor, that is, a real person who was less than 18 years old, was depicted; |
| <u>Second</u>: | That the Defendant used, persuaded, induced, enticed, coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depictions of the conduct; and |
| <u>Third</u>: | That such visual depictions was produced using materials that had been mailed, shipped, or |

Defendant's Initials  <u>     </u>                   3

transported in interstate or foreign commerce by any means, including by computer.

The elements of Count Four are:

First:      The Defendant knowingly transported a visual depiction in interstate or foreign commerce by any means;

Second:     producing the visual depiction involved using a minor engaged in sexually explicit conduct;

Third:      the depiction shows a minor engaged in sexually explicit conduct; and

Four:       the Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

4.      Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts Three and Five, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.      Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, 18 U.S.C. § 2259, and 18 U.S.C. § 2327, defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement.  Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct.  The

Defendant's Initials _HP_                4

defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

     6.   <u>Acceptance of Responsibility - Three Levels</u>

     At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

     Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to

Defendant's Initials   <u>HP</u>          5

USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253 whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

Defendant's Initials  HP          6

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

Defendant's Initials _HP_                    7

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall

Defendant's Initials __HP__                    8

be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

    8.    <u>Sex Offender Registration and Notification</u>

        The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.**    **<u>Standard Terms and Conditions</u>**

    1.    <u>Restitution, Special Assessment and Fine</u>

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any

Defendant's Initials  <u>HP</u>         9

victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.      Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.   The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.   Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.   The defendant promises that his

Defendant's Initials _HP_          11

financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.  The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared

Defendant's Initials __HP__                12

by the United States Probation Office.   The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.   The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the

Defendant's Initials  HP                    13

statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.  Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.  Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.  Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the

concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the

right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement
has been read in its entirety by (or has been read to) the defendant and that defendant
fully understands its terms.

DATED this ____11th____ day of ~~November, 2019.~~ _January, 2020_ *HP MCG*

MARIA CHAPA LOPEZ
United States Attorney

_____
HARLON DAVID PRATER
Defendant

_____
KELLY S. KARASE
Assistant United States Attorney

_____
MAURICE C. GRANT II, ESQ.
Attorney for Defendant

_____
FRANK M. TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

Defendant's Initials ___HP___                    17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

     v.                         CASE NO. 3:18-cr-165-J-34MCR

HARLON DAVID PRATER

<u>PERSONALIZATION OF ELEMENTS</u>

**As to Count One**

1.     Do you admit that an actual minor, that is, a real person who was less than 18 years old, was depicted?

2.     On or about January 25, 2018, in the Middle District of Florida, did you employ and use a child, Child Victim 1, to engage in sexually explicit conduct, that is, genital to anal sexual intercourse, for the purpose of producing visual depictions of such conduct?

3.     Do you admit that you produced such visual depictions using materials that had been mailed, shipped, and transported in interstate and foreign commerce, that is, a Google Pixel XL cellular telephone bearing serial number HT6C10201812 that was manufactured in Taiwan?

**As to Count Two**

1.     Do you admit that an actual minor, that is, a real person who was less than 18 years old, was depicted?

Defendant's Initials  HP          18

2.      On or about January 25, 2018, in the Middle District of Florida, did you employ and use a child, Child Victim 2, to engage in sexually explicit conduct, that is, genital to anal, for the purpose of producing visual depictions of such conduct?

3.      Do you admit that you produced such visual depictions using materials that had been mailed, shipped, and transported in interstate and foreign commerce, that is, a Google Pixel XL cellular telephone bearing serial number HT6C10201812 that was manufactured in Taiwan?

**As to Count Four**

1.      On or about February 27, 2018, in Duval County, in the Middle District of Florida, and elsewhere, did you knowingly transport a visual depiction in interstate or foreign commerce, that is, the computer file title listed in Count Four of the Indictment, by mobile phone via the internet?

2.      Do you admit that the production of such visual depiction involved a minor engaging in sexually explicit conduct?

3.      Do you admit that this visual depiction was of a minor engaging in sexually explicit conduct?

4.      Do you admit that you knew that at least one of the performers in this visual depiction was a minor and that you knew that the visual depiction showed the minor engaged in sexually explicit conduct?

Defendant's Initials __HP__                    19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 3:18-cr-165-J-34MCR

HARLON DAVID PRATER

## FACTUAL BASIS

Beginning in February 2018, the National Center for Missing and Exploited Children ("NCMEC") received tips from a social networking and file-sharing provider regarding an individual sharing child pornography. NCMEC determined the computer from which the files were being shared was located in Duval County, Florida. NCMEC also determined that one of the files contained data to suggest it had been created in Duval County, Florida. In March 2018, NCMEC provided the information to Internet Crimes Against Children detectives with the Jacksonville Sheriff's Office ("JSO"). Upon review of the files and confirmation that the files were indeed child pornography, JSO sought and obtained a search warrant in the Circuit Court for the Fourth Judicial Circuit in and for Duval County, Florida, for the residence from where the files of child pornography were shared over the Internet. Upon execution of the warrant, JSO detectives encountered Defendant Harlon David Prater. After being advised of his *Miranda* rights, Prater admitted to viewing and sharing child pornography. He also admitted that the Google Pixel XL

Defendant's Initials _HP_                    20

cellular telephone detectives located in his residence belonged to him. He admitted that he had used the Google Pixel XL telephone to produce files of child pornography in his residence in Duval County. These files of child pornography that Prater created show an adult penis (Prater's) in contact with the anus of two separate baby victims on two different occasions.

A forensic review of the defendant's Google Pixel XL telephone show approximately 942 still images and 50 videos of child pornography. On January 25, 2018, there was a photograph of an erect adult penis (Prater's) against an infant's nude vagina. On the same date, there was another photograph of an erect adult penis inserted into the anus of the same infant. Also on January 25, 2018, the forensic review identified a photograph of an erect penis inside the anus of an 18-month-old baby. Another photograph shows an adult hand holding the buttocks of the 18-month-old open, displaying the child's anus. Prater employed, used, persuaded, induced, enticed and coerced the two child victims to engage in the described sexually explicit conduct for the purpose of producing the files found on his Google Pixel XL telephone, which had previously traveled in foreign commerce as it was manufactured in Taiwan. Prater also used the same Google Pixel XL telephone to transport videos and images of self-produced child pornography over the Internet using the Kik application. This included two files he sent to another Kik user on February 27, 2018. One file was a still image of an adult male holding his

Defendant's Initials __HP__                    21

erect penis against the bare vagina of an 18-month-old baby girl. The child's legs are spread wide open, exposing her genitals and the tip of the penis is touching the child's vagina. The other file was a 15-second video file that depicts a prepubescent female child, approximately 6-7 years old. The child is unclothed from the waist down and wearing a blue in color jacket with pink and white stripes. Her face is partially exposed and she is lying down on an unknown object with her head propped up on what appears to be a book shelf. The child's legs are spread wide open fully exposing her genitalia. The child is seen rubbing her vagina and then inserting her middle finger into her vagina and uses her middle finger and index finger to spread open her vagina. The word "Inshot" is shown on the bottom right screen of the video.